**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,   )  <br>                                                       )  <br>                           **Plaintiff,**       )  <br>                                                       )     **CRIMINAL ACTION**  <br> v.                                                   )  <br>                                                       )     **No. 06-20080-01-KHV**  <br> LANCE A. DENNIS,                        )  <br>                                                       )  <br>                           **Defendant.**    )  <br> _____) | |

## MEMORANDUM AND ORDER

On May 8, 2007, the Court sentenced defendant to 51 months in prison. On March 16, 2012, the Court revoked defendant's supervised release and sentenced him to 14 months in prison. This matter is before the Court on defendant's letter (Doc. #60) filed April 20, 2012, which the Court construes as a motion for credit for time served.

Defendant asks the Court to give him credit for the period from August 10 to September 26, 2011 while he was incarcerated at CCA. The Tenth Circuit has explained the procedure for such challenges as follows:

> 18 U.S.C. § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." The BOP has long been responsible for computing sentencing credit under § 3585(b) and its predecessor, 18 U.S.C. § 3568 (repealed 1987), and that calculation occurs when the BOP imprisons a defendant. See United States v. Wilson, 503 U.S. 329, 334-35, 112 S. Ct. 1351, 117 L.Ed.2d 593 (1992). Under Wilson, "only the Attorney General through the Bureau of Prisons has the power to grant sentence credit in the first instance." United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir. 1994). Until the Attorney General, through the BOP, makes a § 3585(b) determination, the matter is not ripe for district court review, and the district court lacks jurisdiction. See id.; United States v. Westmoreland, 974 F.2d 736, 737-38 (6th Cir. 1992).

Reed v. United States, 262 Fed. Appx. 114, 114 (10th Cir. 2008).  Here, defendant does not allege that the BOP has made a sentencing-credit determination.  Accordingly, the Court overrules defendant's motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #60) filed April 20, 2012, which the Court construes as a motion for credit for time served, be and hereby is **OVERRULED**.

Dated this 11th day of May, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
